law lib.

## IN THE SUPERIOR COURT
## OF GUAM

JESSE MICHAEL A. LUJAN,          )          Civil Case no. CV0861-10
                                 )
                    Plaintiff,   )
                                 )
          vs.                    )
                                 )          **DECISION AND ORDER**
JEFF MARCHESSEAULT, KTKB DIGITAL )          re: Motion for Summary Judgment
MEDIA CORPORATION and coconspirators )
DOES 1 through 9,                )
                                 )
                                 )
                    Defendants.  )

---

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on Defendant KTKB Digital Media Corporation's motion for summary judgment. The Plaintiff is represented by attorney Curtis C. Van de veld. Defendant Jeff Marchesseault is represented by attorney F. Randall Cunliffe. Defendant KTKB Digital Media Corporation ("KTKB") is represented by attorney Delia Lujan Wolff. After considering the matters presented, the Court issues the following decision and order denying Defendant's motion for summary judgment.

## BACKGROUND

The instant matter arises out of a complaint filed by the Plaintiff on June 3, 2010. In the complaint Plaintiff asserts a claim for defamation by libel and slander and/or negligent defamation. The complaint alleges that Defendants caused to be published, in a televised news broadcast, a picture of Plaintiff and statements imputing that Plaintiff was in contempt of court for failing to make payments to Bernadita Duenas in the mount of $300.00 per month.[1] Before the court now is KTKB's motion for summary judgment.

---

[1] The statement also allegedly asserted that Plaintiff owes Bernadita Duenas more than $17,000.00.

## DISCUSSION

Summary judgment is appropriate if the pleadings, depositions, interrogatories and admissions on file together with the affidavits, if any show the there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International (Guam), Inc.*, 1997 Guam 10 ¶7.

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, the Court must draw inferences and view the evidence in a light most favorable to the nonmoving party. *Bank of Guam v. Flores*, 2004 Guam 25 ¶7. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27 ¶7. Consequently, the court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27 ¶7; *Iizuda*, 1997 Guam 10 ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3 ¶8. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at ¶7; *Guam Top*, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted).

As mentioned above, the complaint alleges that Defendants caused to be published, in a televised news broadcast, a picture of Plaintiff and statements imputing that Plaintiff was in contempt of court for failing to make payments to Bernadita Duenas in the mount of $300.00 per month. KTKB argues, however, they are entitled to judgment as a matter of law for the following reasons: (1) KTKB never owned or operated a televised news show or website; (2) KTKB has never owned or operated any show that was broadcast on television or displayed on the internet; and (3) KTKB has never employed anyone to operate a televised news show or website. (*See* Lujan Decl. and Berg Decl.).

On the other hand, Plaintiff argues that CW-4, which allegedly broadcast the defamatory statements about him, is owned by KTKB. Plaintiff claims that CW-4's website states that CW-4 is owned by Marianas Media, a subsidiary of KTKB, a privately-held corporation with television and other media holdings in the Mariana Islands in the Western Pacific. (*See* Jesse A. Lujan Decl.).

Based on this evidence, the Court finds that the Plaintiff has presented sufficient proof to dispute KTKB's assertions. Because the Court must draw inferences and view the evidence in a light most favorable to the Plaintiff and because the evidence put forward by the Plaintiff shows that there are genuine issues as to the matters asserted by KTKB, the Court finds that summary judgment is not appropriate.

The Court also recognizes that on November 14, 2011, Plaintiff designated Marianas

Media Investors Inc. as Doe Defendant Number One.[2] On December 5, 2011, Marianas Media Investors Inc. moved to strike the Summons and Designation and to dismiss all claims against it.

## CONCLUSION

Based on the foregoing, the Court DENIES Defendant KTKB's motion for summary judgment. Defendant's motion to strike and dismiss shall be heard on ___Sept. 26, 2012___ at ___1:30 pm.___ The appropriate parties are ordered to file briefs in accordance with the rules.

SO ORDERED, this __3__ day of ___Aug___ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 7 2012

Therese M. Blas
_____
Deputy Clerk, Superior Court of Guam

---

[2] Marianas Media Investors Inc. was also served a copy of a Summons.